41 P.3d 257

**In the Matter of the Driver's License Suspension of Brian S. Halen.**

**Brian S. HALEN, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 27181.**

Supreme Court of Idaho,
Lewiston, October 2001 Term.

Jan. 17, 2002.

Charles M. Stroschein, Lewiston, for appellant.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise; for respondent.

## ON REVIEW

KIDWELL, Justice.

Brian Halen (Halen) refused to submit to a police officer's request for a blood withdrawal to test the concentration of alcohol in his blood. At a hearing held pursuant to I.C. § 18-8002, Halen argued that his driver's license should not be suspended because his fear of needles was sufficient cause for refusing the blood withdrawal and because the law enforcement advisory form did not properly inform him of the consequences of a refusal. The magistrate court and the district court upheld the administrative suspension. The Court of Appeals affirmed. We affirm.

## I.

### FACTS AND PROCEDURAL BACKGROUND

On October 28, 1998, Halen was stopped by a Lewiston police officer on suspicion of driving under the influence of alcohol or other substances. The officer read a standard law enforcement advisory form to Halen. The form was designed to provide the information required by I.C. §§ 18-8002 and 18-8002A when requesting a blood alcohol concentration test (BAC) from a person suspected of driving under the influence of alcohol.

Because Halen indicated that he was frequently exposed to solvents and paints through his employment, the officer requested that Halen submit to a blood withdrawal, rather than a breath test. In response to the officer's request for the blood withdrawal, Halen indicated that he would prefer a

breath test because he did not like needles. The arresting officer and other officers who were present questioned Halen regarding this dislike, asking whether it was something that was going to cause him "some great psychological trauma" or was merely a preference. Halen indicated that he simply "preferred" to have a breath test rather than a blood withdrawal. While he expressed a general fear of needles, and generally referenced the risk of contracting AIDS, Halen also admitted that he had received shots in the past. In response, the officers who were present during the request explained to Halen that the blood sample would be taken in sanitary conditions by a doctor. Halen never indicated to the officers that he had any specific medical diagnosis related to needles or that a blood withdrawal would cause him any psychological trauma or physical harm. After these discussions, the officers allowed Halen to contact his attorney. Subsequently, the officers again asked him if he would submit to a blood withdrawal. Halen refused.

Halen was informed that his driver's license was being administratively suspended based upon his refusal to submit to a BAC. He requested a suspension hearing before a magistrate, in accordance with I.C. § 18-8002(4)(b), to show cause as to why he refused to submit to the BAC. He argued that his fear of needles constituted sufficient cause for his refusal. He also argued that his license should not be suspended, because he was misinformed by the advisory form that was read to him. Specifically, he argued that the form was misleading because it said that the administrative suspension for refusing a BAC was "separate from" any criminal license suspensions that might be imposed, when in reality the Idaho Code provides that the suspensions are to run concurrently.

The magistrate rejected Halen's arguments and upheld the civil suspension. The district court also upheld the suspension, and the Court of Appeals affirmed. Halen petitioned this Court for review.

## II.

### STANDARD OF REVIEW

When considering a case on review from the Court of Appeals, this Court does

not merely review the correctness of the decision of the Court of Appeals. *Leavitt v. Swain*, 133 Idaho 624, 627, 991 P.2d 349, 352 (1999). Rather, this Court acts as though it is hearing the matter on direct appeal from the decision of the trial court; however, this Court does give serious consideration to the decision of the Court of Appeals. *Id.*

■■■ A trial court's findings of fact that are based upon substantial and competent, although conflicting, evidence will not be disturbed on appeal, which is to say the findings of fact will not be set aside unless clearly erroneous. *DeChambeau v. Estate of Smith*, 132 Idaho 568, 571, 976 P.2d 922, 925 (1999). The credibility and weight to be given evidence is in the province of the trial court, and this Court liberally construes the trial court's findings of fact in favor of the judgment entered. *Bouten Constr. Co. v. H.F. Magnuson Co.*, 133 Idaho 756, 760, 992 P.2d 751, 755 (1999). However, this Court exercises free review over legal questions presented by the construction and application of a statute. *State v. Montgomery*, 135 Idaho 348, 349–50, 17 P.3d 292, 293–94 (2001).

### III.

### ANALYSIS

**A. Halen's Proclaimed Fear Of Needles Was Not Sufficient Cause For His Refusal To Submit To A Blood Alcohol Concentration Test.**

■ Under Idaho Code section 18–8002, any person who operates a motor vehicle in Idaho is deemed to have given consent to evidentiary testing for blood alcohol concentration when a law enforcement officer has reasonable grounds to believe that the person was driving under the influence of alcohol. That same section authorizes the suspension of the driver's license of a motorist who refuses to submit to a BAC.

A motorist whose license is suspended after a refusal may request a hearing before the court. I.C. § 18–8002(4)(b). The hearing is limited to the question of why the motorist refused the BAC, and the motorist has the burden of showing that his or her license should not be suspended, because "the peace officer did not have legal cause to stop and request him to take the test or . . . the request violated his civil rights." I.C. § 18–8002(4)(b).

■ This Court has made it clear that "the choice as to which type of evidentiary test for concentration of alcohol, drugs or other intoxicating substances will be requested rests with the police officer, not the defendant." *In re Griffiths*, 113 Idaho 364, 370, 744 P.2d 92, 98 (1987). The defendant's willingness to take another form of test generally does not negate the effect of his refusal to submit to the form of test requested by the officer. *Id.* However, Halen relies on *Griffiths* for the proposition that his fear of needles constitutes an exception to these rules and amounts to sufficient cause for his refusal to submit to the blood withdrawal. In *Griffiths*, this Court stated:

> We hold that a fear of needles may establish sufficient cause for refusing to submit to a blood test requested pursuant to I.C. § 18–8002 if the fear is of such a magnitude that as a practical matter the defendant is psychologically unable to submit to the test, and if the fear is sufficiently articulated to the police officer at the time of refusal so that the officer is given an opportunity to request a different test.

*Id.* at 372, 744 P.2d at 100.

The rule of *Griffiths* is controlling, but its application to the facts of this case produces a different result than that urged by Halen. At the suspension hearing, Halen had the burden of demonstrating that he communicated to the officers a fear sufficient to satisfy the *Griffiths* test. The magistrate judge found the following regarding Halen's communications with the officers: 1) Halen indicated to the officers that he simply "preferred" to have a breath test rather than a blood withdrawal, 2) while he expressed a general fear of needles, and generally referenced the risk of contracting AIDS, Halen also admitted that he had received shots in the past, 3) he denied ever having seen a psychologist regarding his fear, and 4) he never identified any mental or medical condition that would be adversely affected by the administration of a blood withdrawal. These findings are supported by substantial and

competent evidence in the record. These communications fail to articulate a psychological inability to submit to the test, as is contemplated by *Griffiths.* Consequently, the magistrate judge was correct in determining that Halen failed to show cause why his license should not be suspended.

**B. The Officer Did Not Violate Halen's Civil Rights Or Exceed His Statutory Authority In Requesting A Blood Withdrawal As The Method Of Testing.**

■ Halen argues that the officer's request was a violation of his civil rights and that his suspension should therefore be vacated. He argues that requiring a blood withdrawal without a warrant and absent exigent circumstances, when other less-intrusive methods like breath or urine tests are available, constitutes an unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution and Article I Section 17 of the Idaho Constitution.

■ The administration of a BAC is a search and seizure implicating the prohibitions against unreasonable searches and seizures found in the Fourth Amendment to the United States Constitution and Article I Section 17 of the Idaho Constitution. *Schmerber v. California,* 384 U.S. 757, 767, 86 S.Ct. 1826, 1834, 16 L.Ed.2d 908 (1966); *State v. Woolery,* 116 Idaho 368, 370, 775 P.2d 1210, 1212 (1989). Any warrantless search or seizure of a citizen is presumptively unreasonable unless it falls within certain specific and well-delineated exceptions. *See Schmerber,* 384 U.S. at 770, 86 S.Ct. at 1835; *Woolery,* 116 Idaho at 370, 775 P.2d at 1212. When a warrantless search or seizure is challenged by the defendant, the State bears the burden to show that a recognized exception to the warrant requirement is applicable. *Id.* Such an exception exists when the search or seizure is conducted with proper consent. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *State v. Varie,* 135 Idaho 848, 852, 26 P.3d 31, 35 (2001). Every person who drives on Idaho roads has impliedly consented to submit to a BAC when properly requested by an officer.

I.C. § 18–8002(1); *Nickerson,* 132 Idaho at 409, 973 P.2d at 761. Consequently, the warrantless requirement that Halen take a BAC was justified under the consent exception.

Halen's status as a Washington resident is irrelevant to the consent inquiry, because *"[a]ny person who drives . . . a motor vehicle in this state shall be deemed to have given his consent,"* regardless of where he or she resides. I.C. § 18–8002(1) (emphasis added).

■ A search or seizure that is permissible without a warrant must still be reasonable in light of all of the other surrounding circumstances. *Woolery,* 116 Idaho at 371, 775 P.2d at 1213. Halen argues that, under *Nelson v. City of Irvine,* 143 F.3d 1196 (9th Cir.1998), the manner in which the BAC was offered to him was unreasonable for Fourth Amendment purposes, since less-intrusive methods, such as a breath or urine sample, were available. However, that case is inapplicable to the current situation. In *Nelson,* the Ninth Circuit found that it was unreasonable, and thus a Fourth Amendment violation, for officers to require a blood withdrawal when the driver was willing to submit to other, less-intrusive tests. 143 F.3d at 1203. The court's holding was based upon the fact that California's implied consent statute granted the *driver* the right to select the method of testing to which he or she would submit. *Id.* By contrast, as noted above, the Idaho statute provides implied consent to the form of test of the *officer's* choosing. Therefore, *Nelson* is of no consequence.

Because it is the officer's prerogative to choose the method of testing, and because Halen failed to demonstrate that the test would cause him harm, there was substantial evidence to support the magistrate judge's conclusion that it was reasonable for the officer to require a blood withdrawal. Consequently, there was no violation of Halen's right to be free from unreasonable searches and seizures.

■ Halen also argues that the officer lacked statutory authority to request a blood withdrawal. He argues that I.C. § 18–8002 only authorizes an officer to request a blood withdrawal where there are aggravating cir-

cumstances or suspicion of drug use. He cites I.C. §§ 18–8002(6)(b), 18–8002(9), and 18–8002(10) in support of this argument. However, I.C. § 18–8002(6)(b) grants an officer limited authority to *order* medical personnel to physically administer a blood withdrawal. It does not limit the circumstances under which the officer may request that a defendant peacefully submit to a blood withdrawal. Further, sections 18–8002(9) and 18–8002(10) provide authority for the officer to ask for a blood withdrawal *in addition* to other tests. None of these subsections of I.C. § 18–8002 contain language limiting the officer's authority regarding this matter. Consequently, an officer's authority to require a defendant to submit to a blood withdrawal, under I.C. § 18–8002, does not turn on whether aggravating factors are present.

### C. The Suspension Advisory Form Adequately Advised Halen Of The Consequences Of Taking And Failing The Evidentiary Test.

■ If a motorist refuses to submit to a BAC, the Code authorizes a civil suspension of his or her driver's license. I.C. § 18–8002(4). Halen's license was suspended under this authority, based upon his refusal to submit to the blood withdrawal requested by the officer. However, Halen argues that his suspension for refusing, under section 18–8002, cannot stand because he was improperly informed according to the requirements of a related code section, I.C. § 18–8002A.

■ Idaho Code section 18–8002A requires that upon being asked to submit to a BAC a motorist must be given information regarding the consequences of submitting to and failing the BAC, by having a blood alcohol content that exceeds the legal limit. I.C. § 18–8002A(2). Specifically, motorists must be informed, among other things, that if they submit to and fail a BAC, a civil license suspension will be enforced against them. I.C. § 18–8002A(2). Motorists are entitled to similar information regarding the consequences of refusing to submit to a BAC. I.C. § 18–8002A(3). Motorists who refuse to submit to requested tests are entitled to have their licenses reinstated if they can establish at the refusal hearing that they were not

completely advised according to these code sections. *Griffiths,* 113 Idaho at 370, 744 P.2d at 98.

Halen argues that since I.C. § 18–8002A(7) says that a civil and criminal suspension based on the same occurrence shall run concurrently unless otherwise ordered by the court, he was misinformed when the advisory form indicated that the two suspensions were "separate." Idaho Code section 18–8002A(7) provides that both the civil suspension under that section and any criminal suspension imposed "shall run concurrently, with the total period of suspension not to exceed the longer of the applicable suspension periods, unless the court ordering the suspension in the criminal case orders to the contrary." The advisory form read to Halen, paragraph 5A, reads in pertinent part: "This suspension for failure of the evidentiary test(s) is separate from any other suspension ordered by the court."

It is true that this language from the advisory form does not match the information requirements of the statute verbatim, and there is no requirement that this information be given at all. However, according to I.C. § 18–8002A(2), the motorist "need not be informed verbatim;" rather, he or she need only be "substantially" informed of the information contained in that section. Nothing in the Code indicates that additional information contained on the form renders the form invalid as a matter of law, and as provided by I.C. § 18–8002A(7), the suspensions may be enforced "separately" if a judge orders them to run consecutively. There was substantial and competent evidence to support the magistrate judge's finding that, despite the additional information regarding the suspensions being "separate," Halen was substantially informed of his rights and duties as required by I.C. § 18–8002A(2).

### D. Halen's Right To Counsel Under Article I Section 13 Of The Idaho Constitution Was Not Violated.

■ Idaho Code section 18–8002(2) provides that a person suspected of driving while intoxicated does not have the right to consult with an attorney before submitting to evidentiary testing. At one point, the offi-

cers denied Halen's request to speak with an attorney before submitting to a blood withdrawal. Halen argues that the denial of his request violated his right to counsel under Article I Section 13 of the Idaho Constitution. We note that this argument was addressed and rejected by the Court of Appeals in *State v. Shelton,* 129 Idaho 877, 934 P.2d 943 (Ct.App.1997). However, this argument is irrelevant in this case, because, as he has conceded in his brief, Halen was allowed to consult with an attorney by telephone before the officer made his final request for a BAC.

**E. This Court Need Not Address The Constitutionality of I.C. § 18–8002A.**

Halen argues that I.C. § 18–8002A violates his due process right to a meaningful opportunity to be heard, because it gives a person whose license has been suspended only thirty days in which to conduct discovery in preparation for his or her administrative refusal hearing. I.C. § 18–8002A(7). Specifically, he argues that thirty days is insufficient time in which to inquire of the laboratory that conducted a blood test or of the specialist who did the calibration checks on a breath analysis machine. However, Halen's license was not suspended under the authority of section 18–8002A, and he never submitted to a BAC test about which to conduct discovery. The constitutionality of the time constraints contained within that section are irrelevant to Halen's situation. Therefore, this Court need not address the constitutionality of I.C. § 18–8002A.

**F. The Magistrate Judge Did Not Err In Excluding Various Items of Evidence Offered By Halen.**

 Halen argues that the magistrate judge erred in excluding several items of evidence. The excluded items were intended to demonstrate the availability of alternative methods of testing, the reliability of the alternative methods, and the arresting officer's training regarding those various methods. Because we hold that the officer's choice of testing method did not violate statutory or constitutional principles regardless of the alleged availability or superiority of other testing methods, any error in excluding these items of evidence was harmless. On appeal, harmless error is disregarded. *See Perry v. Magic Valley Reg'l Med. Ctr.,* 134 Idaho 46, 50–51, 995 P.2d 816, 820–21 (2000); I.R.E. 103(a); I.C.R. 52.

## IV.

## CONCLUSION

The magistrate judge properly concluded that Halen failed to articulate adequate cause for refusing the BAC and that Halen was adequately informed of his statutory rights and duties. The magistrate judge did not err in excluding items of evidence offered by Halen. Neither Halen's right to counsel, nor his right to be free from unreasonable searches and seizures, was violated. The decision of the magistrate judge, upholding Halen's license suspension, is affirmed.

Chief Justice TROUT, Justices SCHROEDER, WALTERS and Justice Pro Tem KOSONEN concur.