# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 32422

<table>
<tr><td>STATE OF IDAHO,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td><b>Boise, March 2007 Term</b></td></tr>
<tr><td>Plaintiff-Respondent,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td><b>2007 Opinion No. 53</b></td></tr>
<tr><td>v.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td><b>Filed: March 29, 2007</b></td></tr>
<tr><td>BENITO A. DIAZ,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td><b>Stephen W. Kenyon, Clerk</b></td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, for the County of Twin Falls. Hon. John C. Hohnhorst, District Judge.

The district court's order denying the motion to suppress is <u>affirmed.</u>

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Eric D. Fredericksen argued.

Honorable Lawrence G. Wasden, Attorney General, Boise, for respondent. Jessica Lorello argued.

————————————

JONES, Justice

Appellant Benito Diaz entered a conditional guilty plea to a felony charge of driving under the influence (DUI). Diaz had moved to suppress the results of a blood alcohol content (BAC) test, claiming that a "forced" blood draw violated his constitutional rights. The district court denied his motion. We affirm.

## I.

On April 9, 2005, Officer Scott Montgomery stopped a red Ford Mustang on Highway 30 in Buhl for erratic driving. The driver was later identified as Diaz. Montgomery noticed that Diaz's eyes were bloodshot and glassy and that his speech was slurred. After reviewing his license and registration he asked Diaz to leave his car and

1

perform field sobriety tests. Diaz tried to start his car instead. Montgomery arrested Diaz for obstructing and delaying and took him to the Twin Falls County Jail.

At the jail Montgomery conducted several standardized field sobriety tests, but Diaz refused to take the walk and turn test and the one leg stand. Montgomery advised Diaz of the consequences of refusing to undergo such testing, which Diaz said he understood. He then asked Diaz to take a breathalyzer test but he refused. Montgomery informed him that if he continued to refuse, he would be taken to a hospital and his blood would be drawn. After stating that he would submit to a breathalyzer test Diaz again refused to cooperate so Montgomery handcuffed him and took him to the Magic Valley Regional Medical Center where a hospital technician drew his blood. Diaz did not physically resist transportation to the hospital or the taking of his blood, but he continued to protest the blood draw. Diaz had prior DUI convictions in 2001 and 2003 so he was charged with felony DUI. I.C. §§ 18-8004, 18-8005(5). Diaz's BAC concentration was 0.26, more than three times the legal limit.

The district court denied Diaz's motion at trial to suppress the results of the BAC test under the Fourth Amendment and the Idaho Constitution. Diaz subsequently entered a conditional plea of guilty to felony DUI, reserving the right to appeal the district court's denial of his motion to suppress.

**II.**

In this opinion we address two issues: 1) whether an involuntary blood draw violates federal or state constitutional protections in cases where no death or serious bodily injury is involved, and 2) whether Idaho Code § 18-8002(6)(b) prohibits involuntary BAC testing in cases where no death or serious bodily injury is involved.

**A.**

In reviewing an order granting or denying a motion to suppress evidence, this Court will defer to the district court's factual findings unless clearly erroneous. *State v. Donato*, 135 Idaho 469, 470, 20 P.3d 5, 6 (2001). This court exercises free review over the district court's determination as to whether constitutional requirements have been satisfied in light of the facts found. *Id*.

**B.**

The administration of a blood alcohol test constitutes a seizure of a person and a search for evidence under both the Fourth Amendment and Article I, § 17 of the Idaho Constitution. *Halen v. State*, 136 Idaho 829, 833, 41 P.3d 257, 261 (2002) (citing *Schmerber v. California*, 384 U.S. 757, 767 (1966); *State v. Woolery*, 116 Idaho 368, 370, 775 P.2d 1210, 1212 (1989)). Searches and seizures performed without a warrant are presumptively unreasonable. *State v. LaMay*, 140 Idaho 835, 837-8, 103 P.3d 448, 450-1 (2004). To overcome the presumption, the State bears the burden of establishing two prerequisites. First, the State must prove that a "warrantless search fell within a well-recognized exception to the warrant requirement." *LaMay*, 140 Idaho at 838, 103 P.3d at 451. Second, the State must show that even if the seizure is permissible under an exception to the warrant requirement, it "must still be reasonable in light of all of the other surrounding circumstances." *Halen*, 136 Idaho at 833, 41 P.3d at 261.

Diaz argues that death or serious bodily injury is required to justify an involuntary blood draw under the exigency exception to the warrant requirement. Exigency, however, is not the lone applicable exception here; consent is also a well-recognized exception to the warrant requirement. *Halen*, 136 Idaho at 833, 41 P.3d at 261 (citing *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973)). In Idaho "any person who drives or is in actual physical control" of a vehicle impliedly consents to evidentiary testing for alcohol at the request of a peace officer with reasonable grounds for suspicion of DUI. I.C. § 18-8002(1). Implied consent to evidentiary testing is not limited to a breathalyzer test, but may also include testing the suspect's blood or urine. I.C. § 18-8002(9). The evidentiary test to be employed is of the officer's choosing. *Halen*, 136 Idaho at 833, 41 P.3d at 261. Here, Montgomery had reasonable grounds to suspect that Diaz was driving under the influence – erratic driving, bloodshot and glassy eyes, and slurred speech. Because Diaz had already given his implied consent to evidentiary testing by driving on an Idaho road, he also gave his consent to a blood draw. Without addressing whether exigency also justified the blood draw, we hold that the seizure of Diaz's blood fell within a well-recognized exception to the warrant requirement.

Regardless of how it qualifies as an exception to the warrant requirement, a blood draw must comport with Fourth Amendment standards of reasonableness. *Schmerber*,

384 U.S. at 768. To that end, the procedure must be done in a medically acceptable manner and without unreasonable force. *Id.* at 771-2. Fourth Amendment reasonableness standards are assessed objectively by examining the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 397 (1989); *accord Rosenberger v. Kootenai County Sheriff's Dept.*, 140 Idaho 853, 857, 103 P.3d 466, 470 (2004). Here, Diaz was first offered a breathalyzer test, which he initially refused, then agreed to, and ultimately refused. After Diaz had declined this somewhat less intrusive alternative, Montgomery transported him to a nearby hospital where a qualified hospital technician drew his blood. Diaz was not manhandled while being transported to the hospital or during the procedure itself. Under the totality of the circumstances the police acted reasonably, using only handcuffs to transport Diaz to the hospital and having the blood test administered by a qualified hospital technician.

Diaz asserts that Art. I, § 17 of the Idaho Constitution provides greater protection than that afforded under the Fourth Amendment. However, Diaz failed to present any argument or authority in his opening brief to support this contention. "When issues on appeal are not supported by propositions of law, authority, or argument, they will not be considered." *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Therefore, we decline to address this claim.

## C.

Diaz also argues that Idaho Code § 18-8002(6)(b) does not permit a police officer to order an involuntary blood draw absent suspicion of one of the enumerated offenses, which include aggravated DUI and vehicular manslaughter. We first addressed this question in *Halen*. 136 Idaho at 833-4, 41 P.3d at 261-2. There, we held that Idaho Code § 18-8002(6)(b) limits only when an officer can *order* medical personnel to administer a blood withdrawal but does not otherwise limit when an officer "may *request* that a defendant peacefully submit to a blood withdrawal." *Id.* at 834, 41 P.3d at 262 (emphasis added). Nothing in Idaho Code § 18-8002 limits the officer's authority to require a defendant to submit to a blood draw. *Id.* The Court of Appeals reconsidered this issue in *State v. Worthington*, 138 Idaho 470, 474-5, 65 P.3d 211, 215-6 (App. 2002). Diaz asserts that *Halen* and *Worthington* do not comport with the legislative intent behind Idaho Code § 18-8002(6)(b) and should be overruled. This argument is unavailing.

We look first to the literal words of a statute and give those words their plain, usual and ordinary meaning. *State v. Parker*, 141 Idaho 775, 777, 118 P.3d 107, 109 (2005). Idaho Code § 18-8002(6)(b) provides in relevant part that "a peace officer is empowered to order an individual authorized…to withdraw a blood sample for evidentiary testing when the peace officer has probable cause to believe that the suspect has committed any of the following offenses," which include vehicular manslaughter and aggravated DUI. Thus, Idaho Code § 18-8002(6)(b) permits an officer to compel hospital personnel to withdraw blood upon probable cause of certain crimes. The statute does not prohibit an officer from asking hospital personnel to withdraw blood for evidentiary testing for DUI. In fact, Idaho Code § 18-8002(6) provides immunity to hospital personnel for "any act arising out of administering an evidentiary test for alcohol concentration…at the *request or order* of a peace officer." (emphasis added); *see also* I.C. § 18-8002(6)(a) ("immunity extends to any person who assists any individual to withdraw a blood sample for evidentiary testing at the *request or order* of a peace officer"). A plain reading of Idaho Code § 18-8002(6) shows that an officer may always request hospital personnel to draw a suspect's blood upon suspicion for DUI but may only compel a blood draw under certain circumstances.

The Legislature clearly intended to delineate when an officer could *compel* or *order* hospital personnel to draw blood rather than just *request* that they do so. In this case the technician at the Magic Valley Regional Medical Center chose to honor Montgomery's request to draw Diaz's blood, which is permissible under our statutory scheme. *Halen* and *Worthington* were ruled correctly, and we decline to overturn them here.

## III.

We affirm the denial of Diaz's motion to suppress and thus affirm his conviction.


Chief Justice SCHROEDER and Justices TROUT, EISMANN and BURDICK CONCUR.

5