**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35438**

| | |
|---|---|
| STATE OF IDAHO, | )    2010 Unpublished Opinion No. 471 |
| | ) |
|      Plaintiff-Respondent, | )    **Filed: May 18, 2010** |
| | ) |
| v. | )    Stephen W. Kenyon, Clerk |
| | ) |
| JOSE L. MARTINEZ, JR., | )    **THIS IS AN UNPUBLISHED** |
| | )    **OPINION AND SHALL NOT** |
|      Defendant-Appellant. | )    **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Stephen W. Drescher, District Judge.

Judgment of conviction for felony driving under the influence, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Jose L. Martinez, Jr. appeals from his judgment of conviction for felony driving under the influence (DUI). Specifically, Martinez challenges the district court's order denying his motion to suppress. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Martinez drove through a police roadblock in order to see the scene of an accident. Officers observed Martinez's vehicle approaching with an orange traffic cone stuck underneath the front of it. Martinez stopped his vehicle after being ordered to do so by officers at the scene. Martinez exhibited physical signs of intoxication, failed a horizontal gaze nystagmus test, and was performing poorly during a walk-and-turn test before refusing to cooperate further. Martinez was arrested and transported to jail. Once at the jail, Martinez was combative and refused to cooperate with officers, including any additional evidentiary testing. Upon refusing a breathalyzer test, Martinez was informed that the officers would perform a forcible blood draw.

1

Martinez responded that he would not cooperate with the blood draw because he was afraid of needles. An E.M.T., trained to draw blood for evidentiary purposes, arrived to perform the blood draw. Martinez placed his hands behind his head and crossed his arms in an attempt to prevent the procedure. The officers grabbed Martinez's arms and he went to the floor. Once on the floor, officers held Martinez still with one arm held out straight so that the E.M.T. could safely take Martinez's blood. At that point, Martinez relented to the procedure. The results of the blood test revealed Martinez's blood alcohol content to be 0.21.

Martinez was charged with felony DUI, I.C. §§ 18-8004 and 18-8005, based on two previous DUI convictions. Martinez filed a motion to suppress, arguing that the forcible blood draw constituted an unreasonable search and seizure due to his fear of needles. Martinez also contended that the manner by which the procedure was performed was unreasonable. The district court denied Martinez's motion, holding that the officers were permitted to make a warrantless search and seizure under Idaho's implied consent law. The district court also found that the manner in which the procedure was administered was reasonable and proportionate to the level of Martinez's resistance. Martinez entered a conditional guilty plea reserving his right to appeal the denial of his motion to suppress. The district court sentenced Martinez to a unified term of five years, with a minimum period of confinement of two years. After a successful period of retained jurisdiction, the district court suspended Martinez's sentence and placed him on probation for three years. Martinez appeals.

## II.

## ANALYSIS

Martinez argues that the forcible blood draw violated his Fourth Amendment right to be free from an unreasonable search and seizure. Martinez also contends that the procedure was unreasonable under the circumstances and that no exigent circumstances existed justifying the warrantless intrusion. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

2

The state's administration of a blood alcohol test constitutes a search and seizure of a person under the Fourth Amendment and Article 1, Section 17 of the Idaho Constitution. *State v. Diaz*, 144 Idaho 300, 302, 160 P.3d 739, 741 (2007). Searches and seizures performed without a warrant are presumptively unreasonable. *Id.* To overcome the presumption, the state must show that the search fell within a well-recognized exception to the warrant requirement and that the search is reasonable in light of all the surrounding circumstances. *Id.* In this case, the district court held:

> Tests for blood alcohol may be taken warrantlessly if they are conducted under reasonable circumstances, and reasonableness in that context is viewed as in a medically acceptable manner without use of excessive amount of force.
> In this particular case, based on a totality of the circumstances, in view of the fact that Payette County has no hospital -- nor does Owyhee County, and there is probably many others in the state -- it seems that it was medically acceptable to have an E.M.T. extract the blood from the defendant, and the force employed was proportionate to the level of his resistance, and the court will so find.

Martinez argues that the search and seizure of his blood was unreasonable because he had not given his express consent to the procedure. Furthermore, Martinez contends that his words and actions revoked any implied consent to the test. Consent is a well-recognized exception to the warrant requirement. *Diaz*, 144 Idaho at 302, 160 P.3d at 741. Any person who drives a motor vehicle in Idaho consents to be tested for alcohol at the request of a peace officer with reasonable grounds to believe the person drove under the influence. I.C. § 18-8002(1); *Diaz*, 144 Idaho at 302, 160 P.3d at 741. This implied consent is not limited to submission to a breathalyzer test, but extends also to the collection of blood and urine. *Diaz*, 144 Idaho at 302, 160 P.3d at 741. In *Diaz*, the Idaho Supreme Court found that the defendant gave his consent to a blood draw by driving in Idaho, despite his repeated protests. *Id.* at 302-03, 160 P.3d at 741-42. Therefore, Martinez consented to the blood draw by driving in Idaho and his protests to the contrary do not invalidate his consent. Martinez argues that the holding of *Diaz* is unconstitutional and contrary to United States Supreme Court precedent as well as prior Idaho Supreme Court precedent. He urges this Court to overrule the holding of *Diaz*. However, we must follow binding precedent from the Idaho Supreme Court, and we decline to further address Martinez's arguments that *Diaz* was incorrectly decided.

Martinez also argues that police officers can impose blood draws over a suspect's protest only in certain enumerated circumstances listed in I.C. § 18-8002(6)(b). The Idaho Supreme Court has rejected this argument and held that I.C. § 18-8002(6)(b) only speaks to when a police

3

officer can order an authorized person to perform a blood draw over the authorized person's objection. *Diaz*, 144 Idaho at 303-04, 160 P.3d at 742-43. Nothing in I.C. § 18-8002 limits an officer's authority to require a defendant to submit to a blood draw. *Id.* at 303, 160 P.3d at 742.

Martinez next argues that the manner by which the blood draw was performed was unreasonable. He contends that the police used unreasonable force upon him when they took him to the floor and held him still while the blood draw was performed despite his asserted fear of needles. Martinez further argues it was unreasonable to perform the blood draw in an unsterile environment. In *Diaz*, the Court held:

> Regardless of how it qualifies as an exception to the warrant requirement, a blood draw must comport with Fourth Amendment standards of reasonableness. To that end, the procedure must be done in a medically acceptable manner and without unreasonable force. Fourth Amendment reasonableness standards are assessed objectively by examining the totality of the circumstances.

*Diaz*, 144 Idaho at 303, 160 P.3d at 742 (citations omitted).

At the suppression hearing, two officers testified as well as the E.M.T. who conducted the blood draw. Each testified that Martinez was obstinate and refused to cooperate. The officers testified that Martinez resisted their attempts to conduct evidentiary testing and made threatening comments. After the E.M.T. arrived, Martinez put his arms behind his head and later across his chest in an effort to prevent his blood from being drawn. The E.M.T. testified that she remained outside of the room for her own safety. The officers testified that they then performed a control technique on Martinez by grabbing his arms and forcing him to comply. The officers further testified that, at that point, Martinez went to the floor and ceased resisting as the E.M.T. performed the blood draw. The officers continued to hold Martinez still to ensure the safety of all involved due to the presence of the needle. Martinez testified that he told the officers he was afraid of needles because he feared it would cause a relapse of his intravenous drug addiction. However, when asked about his tattoos, Martinez responded that he held no fear of getting tattoos because his fear was more of a "drug thing." Martinez admitted to resisting the officers' efforts to perform the blood draw. He also admitted that he might have been aggressive and belligerent, but claimed that the officers threw him to the floor causing him pain and injury. Martinez introduced photographs showing bruises on his arm.

From this evidence, the district court found that the officers had not used unreasonable force in performing the blood draw. The district court concluded that the force employed by the officers in performing the blood draw was proportionate to the level of Martinez's resistance.

The district court's factual determinations are supported by the record. Martinez refused to cooperate and participate in less intrusive tests when they were offered to him. He was belligerent and threatening. Martinez protested the blood draw and physically resisted it. The officers' actions provided safety and stability for the blood draw for the E.M.T. and for Martinez himself. Concerning Martinez's alleged fear of needles, the Idaho Supreme Court has held that such a fear must be of such a magnitude that a defendant is psychologically unable to submit to the test as a practical matter. *See In re Griffiths*, 113 Idaho 364, 372, 744 P.2d 92, 100 (1987). The evidence presented at the suppression hearing does not support Martinez's assertion that his fear rose to such a level.

The officers also were not required to transport Martinez to a sterile environment to perform the blood draw. While many forcible blood draws in our reported cases occurred in hospitals and the environment is relevant to the analysis, nothing in our prior case law or I.C. § 18-8002 prohibits the blood draw from being performed at a location other than a hospital. Furthermore, Martinez does not allege that performing the procedure at the jail in any way affected the accuracy of the test. He only argues that it was unreasonable for him to be required to lay on the jail floor which he claims was not clean. Therefore, the district court did not err by denying Martinez's motion to suppress. Because we conclude that the warrantless search and seizure of Martinez's blood was justified by Martinez's implied consent and was not performed in an unreasonable manner, we need not address Martinez's additional argument that the search and seizure was not justified by exigent circumstances.

## III.

### CONCLUSION

The forcible blood draw performed on Martinez did not violate his Fourth Amendment right to be free from an unreasonable search and seizure. The blood draw was also performed in a reasonable manner. Therefore, the district court did not err by denying Martinez's motion to suppress. Accordingly, Martinez's judgment of conviction for felony DUI is affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR.**