**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36552**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 617 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 26, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KEVIN VERNON McNABB, JR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Peter D. McDermott, District Judge.

Judgment of conviction for felony driving under the influence, <u>affirmed</u>.

John C. Souza, Pocatello, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jennifer E. Birken, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge

Kevin Vernon McNabb, Jr. appeals from his judgment of conviction entered upon a conditional plea of guilty to operating a motor vehicle while under the influence of alcohol. Specifically, McNabb challenges the district court's order denying his motions to suppress. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

According to testimony elicited at McNabb's suppression hearing, officers were conducting a traffic stop in the left lane of a two-lane, one-way street. One officer, who was standing in the left lane, observed McNabb's vehicle approaching the traffic stop. As McNabb's vehicle approached, it swerved into the right lane, and then back into the left lane where it came within five feet of hitting the officer. McNabb's vehicle then made a left turn onto another street, narrowly missing the front bumper of the stopped vehicle.

1

Based on these observations, the officer initiated a traffic stop of McNabb's vehicle. The officer noted McNabb's eyes were bloodshot and glassy and that there was an odor of alcohol coming from the car. The officer asked McNabb to submit to field sobriety tests and a breathalyzer, but McNabb refused. After this refusal, McNabb was arrested and transported to the hospital for a forcible blood draw. While waiting for the blood draw, McNabb began swearing profusely, despite being made aware that a child was present in the room. McNabb told the officers that he would fight them if the hospital staff attempted to draw his blood. Because of this statement, the officers decided to restrain McNabb for the blood draw procedure. McNabb was placed on the floor while one officer held McNabb's arm and another officer placed his knee on McNabb's shoulder. The blood was then drawn without further incident.

McNabb was charged with felony DUI, I.C. §§ 18-8004 and 18-8005, based on two previous DUI convictions. McNabb filed two motions to suppress, arguing that there was no reasonable and articulable suspicion for his traffic stop and that his Fourth Amendment right to be free from unreasonable search and seizure was violated by the forcible blood draw. The district court denied both motions. The district court held that the officer had reasonable suspicion for the traffic stop because the officer was almost struck by McNabb's vehicle. The district court determined that there was no violation of McNabb's Fourth Amendment right to be free from unreasonable search and seizure because the officers were permitted to take a forcible blood draw under Idaho's implied consent law, and the force used to accomplish the blood draw was reasonable. McNabb entered a conditional guilty plea, reserving his right to appeal the denial of his motions to suppress. The district court sentenced McNabb to a unified term of six years, with a minimum period of confinement of two years. McNabb appeals.

## II.

## ANALYSIS

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*,

127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## A.     Reasonable and Articulable Suspicion

McNabb argues that the law enforcement officers lacked reasonable and articulable suspicion to initiate a stop of his vehicle. A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988). Suspicion will not be found to be justified if the conduct observed by the officer fell within the broad range of what can be described as normal driving behavior. *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286.

At the suppression hearing, the officer who stopped McNabb testified that, while the officer was assisting in an unrelated traffic stop, McNabb's vehicle veered toward the officer and nearly hit him. The officer then observed McNabb's vehicle make a left turn and narrowly miss the front bumper of the stopped vehicle. Based on McNabb's vehicle swerving, nearly hitting the officer, and narrowly missing the stopped vehicle, the officer had reasonable suspicion to believe that McNabb was driving inattentively or under the influence. Therefore, the district court did not err in holding that there was reasonable suspicion for the stop.

## B.     Forcible Blood Draw

McNabb also argues that the forcible blood draw violated his Fourth Amendment right to be free from unreasonable search and seizure and asserts that the force used by law enforcement officers to obtain the blood sample was unreasonable. The state's administration of a blood

alcohol test constitutes a search and seizure of a person under the Fourth Amendment and Article 1, Section 17 of the Idaho Constitution. *State v. Diaz*, 144 Idaho 300, 302, 160 P.3d 739, 741 (2007). Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The state may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.*

Consent is a well-recognized exception to the warrant requirement. *Diaz*, 144 Idaho at 302, 160 P.3d at 741. Any person who drives a motor vehicle in Idaho consents to be tested for alcohol at the request of a peace officer with reasonable grounds to believe the person drove under the influence. I.C. § 18-8002(1); *Diaz*, 144 Idaho at 302, 160 P.3d at 741. This implied consent is not limited to submission to a breathalyzer test, but extends also to the collection of blood and urine. *Diaz*, 144 Idaho at 302, 160 P.3d at 741. In *Diaz*, the Idaho Supreme Court found that the defendant gave his consent to a blood draw by driving in Idaho. *Id*. at 302-03, 160 P.3d at 741-42. Therefore, McNabb consented to the blood draw by driving in Idaho.

Even if justified under Idaho's implied consent statute, however, a blood draw remains subject to Fourth Amendment standards of reasonableness. *Diaz*, 144 Idaho at 303, 160 P.3d at 742. Fourth Amendment standards of reasonableness are assessed in objective terms by examining the totality of the circumstances. *Id*. For a blood draw to be reasonable, it must be drawn in a medically-acceptable manner and the procedure must be conducted without unreasonable force. *Id*. When a defendant is physically resisting, force may be used to restrain the defendant so a blood sample may be obtained safely. *See State v. Worthington*, 138 Idaho 470, 473-74, 65 P.3d 211, 214-15 (Ct. App. 2002). In *Worthington*, the Court held that, because the defendant was very combative, physical restraint by three police officers and two nurses was reasonable. *Id*. at 472-73, 65 P.3d at 213-14.

Although testimony at the motion to suppress hearing showed that McNabb never physically resisted, he did tell officers that he would become violent if the lab technician attempted to draw his blood. In anticipation of imminent physical violence, the officers placed McNabb on the ground. One officer held McNabb's arm, while the other officer placed his knee on McNabb's shoulder. Therefore, based on the threats of violence and the need to maintain the safety of all present, it was reasonable for the officers to conduct a forcible blood draw. Further,

the use of force was reasonable in relation to the threats made. Therefore, the district court did not err in denying McNabb's motion to suppress.

## III.

## CONCLUSION

There was reasonable suspicion for the officer's stop of McNabb's vehicle. In addition, the forcible blood draw did not violate McNabb's Fourth Amendment right against search and seizure because it was performed in a reasonable manner. Therefore, the district court did not err in denying McNabb's motions to suppress. Accordingly, McNabb's judgment of conviction for felony DUI is affirmed.

Chief Judge LANSING and Judge GUTIERREZ, **CONCUR.**