**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40985**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Opinion No. 30 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 18, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KEVIN MICHAEL NICOLESCU, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge. Hon. John Hawley, Magistrate.

Decision of the district court, in its appellate capacity, reversing the magistrate's order to suppress evidence, <u>affirmed</u>.

Davison, Copple, Copple & Copple, LLP; Edward J. Guerricabeitia, Boise, for appellant. Edward J. Guerricabeitia argued.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent. Russell J. Spencer argued.

---

GRATTON, Judge

Kevin Michael Nicolescu appeals from the district court's intermediate appellate decision, reversing the magistrate's order granting Nicolescu's motion to suppress. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Nicolescu's vehicle was struck by a driver who ran a red light. Police officers responded to the accident and, upon making contact with Nicolescu, detected the strong odor of an alcoholic beverage. The officers also observed that Nicolescu's eyes were red, bloodshot, and watery. Nicolescu informed the officers that he had consumed alcohol that evening. An officer administered the Horizontal Gaze Nystagmus (HGN) test, but Nicolescu was unable to finish the test due to a scratched cornea that he suffered in the collision. Before the test was aborted, the officer detected four of the possible six decision points indicating failure of the test.

1

The officer elected not to perform any additional field sobriety tests, concluding that it would have been difficult to determine if the potential failure of those tests resulted from inebriation or from adrenaline setting in after the collision. Instead, the officer decided to administer a preliminary breath test using an instrument known as an Alco-Sensor. The result of the preliminary breath test was .108, which is over the legal limit.

Thereafter, the officer placed Nicolescu inside a patrol vehicle to perform an evidentiary breath test. After observing Nicolescu for a fifteen-minute waiting period and after providing Nicolescu with the administrative license suspension (ALS) advisories, the officer administered the evidentiary breath test using the Lifeloc instrument. The breath samples registered results of .103 and .096. Nicolescu was then cited for driving under the influence (DUI), Idaho Code § 18-8004.

Nicolescu filed a motion to suppress the results of the evidentiary breath test, arguing that the officers were not permitted to require him to submit to the preliminary breath test and, absent the preliminary breath test, the officer lacked probable cause or reasonable suspicion to require him to perform an evidentiary breath test. The magistrate granted Nicolescu's motion and the State appealed to the district court. The district court found that the preliminary breath test was reasonable and reversed the magistrate's order. Nicolescu timely appeals.

## II.
## ANALYSIS

Nicolescu contends that the district court erred in reversing the magistrate's order suppressing the evidentiary breath test. Specifically, Nicolescu asserts that the administration of the preliminary breath test was unlawful and without the preliminary breath test, officers lacked legal grounds to perform the evidentiary breath test. When reviewing the decision of a district court sitting in its appellate capacity, our standard of review is the same as expressed by the Idaho Supreme Court:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

2

*Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013) (quoting *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012)). Thus, the appellate courts do not review the decision of the magistrate court. *Bailey*, 153 Idaho at 529, 284 P.3d at 973. Rather, we are procedurally bound to affirm or reverse the decisions of the district court. *State v. Korn*, 148 Idaho 413, 415 n.1, 224 P.3d 480, 482 n.1 (2009).

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Nicolescu argued in his motion to suppress that the police officer did not have reasonable suspicion or probable cause to arrest him prior to administering the preliminary breath test; therefore, the preliminary breath test was not authorized by statute. Absent the preliminary breath test, Nicolescu asserted that the facts known to the officer did not meet the legal standard to administer the evidentiary breath test. Thus, Nicolescu argued that the evidentiary breath test should be suppressed. The State argued that the officer only needed reasonable suspicion to perform the preliminary breath test and that the officer had reasonable suspicion. The State also argued that Nicolescu consented to the preliminary breath test.[1] The magistrate found that Nicolescu did not consent to the preliminary breath test and found that no other exceptions to a warrantless search applied. Therefore, pursuant to the exclusionary rule, the magistrate suppressed the evidentiary breath test.

---

[1] The State claimed Nicolescu consented to the preliminary breath test based on the following conversation:

> Officer: What I am going to have you do is blow into a device (Alcosensor) and we'll just go from there. O.K. and we'll go from there. I will make my determination from there.
> Nicolescu: Dude, I'm willing to cooperate however.
> Officer: It will be a lot easier to do it this way, O.K.

The district court found that the preliminary breath test was part of an investigative detention and that the State's interest in stopping intoxicated driving outweighed Nicolescu's privacy concerns in relation to the preliminary breath test. Additionally, the district court found that the officer only needed reasonable suspicion to perform the preliminary breath test and that the facts supported a finding that the officer had reasonable suspicion to believe Nicolescu was intoxicated. Accordingly, the district court reversed the decision of the magistrate.

On appeal, Nicolescu asserts several claims of error. First, Nicolescu claims that the district court erred by finding that the preliminary breath test was not an evidentiary test pursuant to I.C. § 18-8004(4). He argues that the preliminary breath test was an evidentiary test because the test measured his breath alcohol content and the purpose of an evidentiary breath test, pursuant to I.C. § 18-8004(4), is to test for alcohol concentration. Second, he contends that the district court erred by finding that reasonable and articulable suspicion was the legal standard to administer a preliminary breath test. He asserts that this Court's decision in *State v. Martinez-Gonzalez*, 152 Idaho 775, 275 P.3d 1 (Ct. App. 2012), implicitly establishes probable cause as the standard to administer breath tests.[2] Third, he claims that the district court erred by finding that the preliminary breath test result could be used to form the basis of probable cause to administer an evidentiary breath test. He argues that the preliminary breath test cannot be used to establish the legal standard to administer an evidentiary breath test and he points to *State v. Smith*, 922 P.2d 811 (Wash. 1996), for support.[3]

The State contends that the preliminary breath test is a type of field sobriety test, which only requires reasonable suspicion to administer. The State claims that under the totality of the circumstances, the officers had reasonable suspicion to require Nicolescu to submit to a preliminary breath test. Additionally, the State asserts that if the preliminary breath test was an

---

[2]    In *State v. Martinez-Gonzalez*, 152 Idaho 775, 275 P.3d 1 (Ct. App. 2012), this Court stated that the refusal to participate in field sobriety tests can raise the level of suspicion to probable cause. *Id.* at 780, 275 P.3d at 6. Nicolescu argues that the foregoing statement implies that probable cause is the appropriate legal standard to perform an evidentiary breath test. We disagree. As discussed below, an officer having reasonable grounds may perform an evidentiary breath test pursuant to I.C. § 18-8002(1).

[3]    In *State v. Smith*, 922 P.2d 811 (Wash. 1996), the Washington Supreme Court stated that a preliminary breath test was inadmissible for any purpose absent a *Frye v. United States*, 293 P. 1013 (D.C. Cir. 1923) hearing on the scientific validity of the breath instrument.

4

evidentiary breath test, as Nicolescu argues, then the officers had implied consent to perform the evidentiary breath test pursuant to I.C. § 18-8002(1).

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures of persons or property. "The administration of a blood alcohol test constitutes a seizure of a person and a search for evidence under both the Fourth Amendment and Article I, § 17 of the Idaho Constitution." *State v. Diaz*, 144 Idaho 300, 302, 160 P.3d 739, 741 (2007). Searches or detentions conducted without a warrant are presumptively unreasonable. *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971); *State v. Butcher*, 137 Idaho 125, 129, 44 P.3d 1180, 1184 (Ct. App. 2002). The State may overcome this presumption by demonstrating that the search or seizure fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *State v. Martinez*, 129 Idaho 426, 431, 925 P.2d 1125, 1130 (Ct. App. 1996).

An investigative detention is a well-recognized exception to the warrant requirement. *State v. Ferreira*, 133 Idaho 474, 479, 988 P.2d 700, 705 (Ct. App. 1999). An investigative detention is a seizure of limited duration to investigate suspected criminal activity and does not offend the Fourth Amendment if the facts available to the officer at the time gave rise to reasonable suspicion to believe that criminal activity was afoot. *Terry v. Ohio*, 392 U.S. 1 (1968); *Ferreira*, 133 Idaho at 479, 988 P.2d at 705; *State v. Dice*, 126 Idaho 595, 599, 887 P.2d 1102, 1106 (Ct. App. 1994); *State v. Knapp*, 120 Idaho 343, 347, 815 P.2d 1083, 1087 (Ct. App. 1991). The reasonable suspicion standard requires less than probable cause, but more than mere speculation or instinct on the part of the officer. *Ferreira*, 133 Idaho at 483, 988 P.2d at 709. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988). The reasonableness of the suspicion must be evaluated based on the totality of the circumstances and upon the objective information available to officers. *Deen v. State*, 131 Idaho 435, 436, 958 P.2d 592, 593 (1998).

Nicolescu does not contend that officers lacked reasonable suspicion to conduct an investigatory detention. Instead, Nicolescu argues that absent the preliminary breath test, the police officers lacked facts necessary to satisfy the legal standard required to administer the evidentiary breath test. Idaho Code § 18-8002(1) establishes that a motorist who operates a vehicle in Idaho implicitly consents to evidentiary testing, provided that the police officer has

reasonable grounds to believe the motorist is intoxicated. Thus, the proper standard for administering an evidentiary test for the purpose of criminal DUI is "reasonable grounds." "Reasonable grounds" is not defined by statute, nor has it been defined by case law in the context of evidentiary testing. However, Idaho case law provides guidance on the thresholds that have been sufficient to establish reasonable grounds. For instance, in *Diaz*, the Idaho Supreme Court held that a motorist's bloodshot and glassy eyes, slurred speech, and erratic driving were sufficient to establish reasonable grounds for the officers to administer an evidentiary test. *Diaz*, 144 Idaho at 302-03, 160 P.3d at 741-42. In another case, the Idaho Supreme Court stated that a motorist's own admission to consuming alcohol, the odor of alcohol, and the officer's observations of the motorist's conduct established reasonable grounds for the officer to demand an evidentiary test. *State v. Tierney*, 109 Idaho 474, 477, 708 P.2d 879, 882 (1985). Additionally, this Court has concluded that the odor of alcohol and the presence of beer cans in a vehicle were sufficient evidence to conduct a blood alcohol test. *State v. DeWitt*, 145 Idaho 709, 713, 184 P.3d 215, 219 (Ct. App. 2008) ("Indeed, from the odor of alcohol and presence of beer cans in his vehicle, there was ample evidence that DeWitt had been driving under the influence at the time of the accident."); *State v. Curtis*, 106 Idaho 483, 489, 680 P.2d 1383, 1389 (Ct. App. 1984) (full and empty beer cans and the strong odor of alcohol).

In the instant case, we conclude that the police officers had reasonable grounds to administer an evidentiary test, pursuant to I.C. § 18-8002(1), even without considering the result of the preliminary breath test. While questioning Nicolescu, the officer detected a strong odor of an alcoholic beverage and observed that Nicolescu's eyes were red, bloodshot, and watery. Nicolescu informed the officer that he had been consuming alcohol earlier that evening. Additionally, the officer conducted a partial HGN test and detected four decision points, which equated to a failed test. Based on the foregoing evidence, and absent the preliminary breath test, the officers had reasonable grounds to administer an evidentiary breath test. Nicolescu notes that the deployment of the airbag and the scratch on his cornea could explain why his eyes were red and bloodshot and why he failed the HGN test. However, the existence of an alternative innocent explanation does not negate the fact that the officers had reasonable grounds to believe Nicolescu was intoxicated. *See State v. Rader*, 135 Idaho 273, 276, 16 P.3d 949, 952 (Ct. App. 2000) (finding that the existence of alternative explanations did not negate the officer's reasonable suspicion). Thus, based on the objective information available, the police officers

6

had reasonable grounds to administer an evidentiary breath test, absent the result of the preliminary breath test. As a result, we need not address whether the preliminary breath test was properly administered, nor reach the State's argument that the preliminary breath test was valid under the implied consent laws. Accordingly, the district court did not err in reversing the magistrate's decision to suppress the evidence.

## III.

## CONCLUSION

Nicolescu has failed to demonstrate reversible error. Therefore, the district court's decision reversing the magistrate's order to suppress evidence is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**